UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN MOSELY, | Civil Case No. _____ |
| Plaintiff, | |
| vs. | |
| EGG HARBOR TOWNSHIP; EGG HARBOR TOWNSHIP POLICE DEPARTMENT, JOHN DOES 1-10 (fictitious names), Individually and in their official capacity as a Police Officers for the Egg Harbor Township Police Department, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff residing in Ocean County, New Jersey, complaining of the Defendants, says:

**JURISDICTION AND VENUE**

1.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and

1343(a)(3).  This Court has supplemental jurisdiction over the state law causes of

action under 28 U.S.C. § 1367(a).

2.     Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because

the events/omissions giving rise to these causes of action all occurred in the

District of New Jersey.

## PARTIES

3.  Plaintiff was at all material times a resident of Veldosta, Georgia.

4.  Egg Harbor Township ("Egg Harbor") is a municipal corporation and a public employer of the individual Defendants.  The Egg Harbor Township Police Department ("EHPD"), for which Defendants worked, was, at all times relevant to this matter, a division and/or department of Egg Harbor entrusted with, among other things, enforcing federal, state and local laws and ordinances, and otherwise ensuring the safety of people and property within the jurisdictional limits of Egg Harbor.

5.  Defendants, John Does 1-10, are presently unknown police officers, employees, agents and/or representatives of Egg Harbor and/or EHPD whose unlawful actions are described, referenced and/or set forth herein.  All are being sued individually and in their official capacities.

## CAUSE OF ACTION

6.  On, or about, June 12, 2021, Plaintiff was at his cousin's residence in Egg Harbor when he had a medical episode.

7.  More specifically, Plaintiff was, for the first time in his life, suffering a seizure.

8.  Plaintiff's significant other immediately called 9-1-1 upon recognizing Plaintiff's ailment.

9. Egg Harbor's first responders, which included members of the EHPD and EMS, responded to the dwelling.

10. Incredibly, Plaintiff was not met with the benevolent, accommodating, effectual treatment by police that all citizens have a right to expect, even demand, in the face of a medical emergency.

11. To the contrary, Plaintiff was met with hostility and abject violence where members of the EHPD wound up, without any cause or justification whatsoever, pushing, punching and assaulting Plaintiff while he was in throws of a seizure.

12. After being accosted by the officers for no lawful reason, Plaintiff was then handcuffed behind his back as tight as the cuffs could possibly go and placed on a stretcher in violation of medical protocols and State and Federal Law.

13. Indeed, while Plaintiff was convulsing, he helplessly laid on a stretcher with his hands cuffed and pinned behind his back as he suffered through a seizure.

14. As a result, Plaintiff suffered severe visible injury to his wrists and continues to suffer from a loss of feeling and sensation as well as a loss of use in his hands and fingers.

15. By way of example, the following depict Plaintiff's injuries after being treated and released from the hospital as a result of the unlawful force and handcuffing used upon Plaintiff by the EHPD:



## FIRST COUNT

**Excessive Force**
**42 U.S.C. § 1983;**
**New Jersey Civil Rights Act <u>N.J.S.A.</u> § 10:6-2, et. seq.; &**
**New Jersey Constitution**

16. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

17. During the course of the arrest and detention of Plaintiff, Defendants intentionally and/or recklessly used unreasonable and/or excessive force thereby depriving him of his right to be free from the use of unreasonable force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, the Constitution of the State of New Jersey and the Law of the State of New Jersey including, but not limited to, the New Jersey Civil Rights Act and the New Jersey Law Against Discrimination.

18. Under the totality of the circumstances the Defendants' actions were not objectively reasonable, given that the officers pushed, punched and assaulted Plaintiff for no lawful reason and while he was suffering a medical episode.

19. The conduct of the Defendants occurred while they were acting under color of law and in their official capacities.

20. All of the actions and/or omissions described above were undertaken in a willful and malicious manner with an immoral purpose to injure and/or cause harm to Plaintiff.  Defendants are, therefore, liable to Plaintiff for punitive and compensatory damages.

21. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered damage to his reputation, physical and mental anguish and injury and monetary loss and damage all to his great detriment.

## SECOND COUNT

### False Arrest/Imprisonment
### 42 U.S.C. § 1983;
### New Jersey Civil Rights Act <u>N.J.S.A.</u> § 10:6-2, et. seq.; &
### New Jersey Constitution

22. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

23. At all relevant times, all individual defendants were the agents, servants and/or employees of Egg Harbaor and/or EHPD and were, at all times, acting in their official capacity as law enforcement officers.

24. Plaintiff was detained, arrested and/or imprisoned despite a lack of probable cause and/or other satisfactory legal justification or support.

25. Defendants intentionally, wrongfully, unlawfully, maliciously and without lawful justification or cause, probable or otherwise, arrested, detained, confined and/or caused the confinement of Plaintiff.

26. By reason and/or as a result of Defendants' acts and/or omissions, Plaintiff was deprived of his liberty, caused physical and emotional injury, anguish, and embarrassment, and was otherwise injured and/or harmed.

### THIRD COUNT

**Illegal Search and Seizure**
**42 U.S.C. § 1983;**
**New Jersey Civil Rights Act N.J.S.A. § 10:6-2, et. seq.; &**
**New Jersey Constitution**

27. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

28. Defendants, without any warrant or justification, wholly lacking in any cause whatsoever, probable or otherwise, illegally and improperly searched, detained, arrested, and seized Plaintiff, and caused a criminal complaint to be illegally issued against him.  Defendants had no legal basis to search, detain, arrest, seize, or cause charges to be issued, and did so maliciously with a motive to improperly detain, arrest, and imprison Plaintiff.  All of these actions were undertaken in violation of the Fourth Amendment's proscription of unreasonable searches and seizures as well at the New Jersey Civil Rights Act and New Jersey Constitution.

7

29. The acts and/or omissions described herein were undertaken and conducted in a willful and malicious manner, with an immoral purpose to injure the person, reputation, standing and integrity of Plaintiff. Defendants are, therefore, liable to Plaintiff for punitive damages.

30. The acts and/or omissions described herein were undertaken and conducted in a willful and malicious manner, with an immoral purpose to injure the person, reputation, standing and integrity of Plaintiff. Defendants are, therefore, liable to Plaintiff for punitive damages.

31. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered damage to his reputation, physical and mental anguish and injury and monetary loss and damage all to his great detriment.

## FOURTH COUNT

**Failure to Intervene**
**42 U.S.C. § 1983;**
**New Jersey Civil Rights Act <u>N.J.S.A.</u> § 10:6-2, et. seq.; &**
**New Jersey Constitution**

32. Plaintiff repeats and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

33. The defendant officer(s) used excessive force and assaulted Plaintiff.

34. While the defendant officer(s) engaged in the use of excessive force, the other officer(s) present failed to intervene to prevent the use of excessive force.

35. These officers had an opportunity to intervene and stop the violent assault and illicit use of handcuffs.

## FIFTH COUNT

**Municipal Liability-Monell-Negligent/Failure to Supervise, Train, Monitor
42 U.S.C. § 1983 and the
New Jersey Civil Rights Act N.J.S.A. § 10:6-2 *et seq.***

36. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37. At all relevant times, Defendants, Egg Harbor and/or the EHPD, was the employer of the individual defendants and the individual defendants were acting as its agents, servants and employees.

38. Egg Harbor and/or the EHPD failed to use reasonable care in the selection of its employees, against and/or servants, failed to properly train and/or supervise the individual defendants, and failed to provide the appropriate safeguards to prevent the excessive force, assault, false arrest, treatment of those suffering medical emergencies and collective violation of the Plaintiff's rights.

39. Egg Harbor and/or the EHPD acted under color of law pursuant to an official policy or custom and practice of the Egg Harbor and/or the EHPD and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual defendants from unlawfully and maliciously conducting, permitting or allowing the use of excessive force upon Plaintiff in violation of the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and/or New Jersey.

40. Egg Harbor and/or the EHPD had knowledge of, or had it diligently and reasonably exercised its duties to instruct, supervise, control and discipline its employees, agents and/or servants, would have had knowledge of the wrongful acts and/or omissions identified above and intentionally, knowingly or with deliberate indifference to Plaintiff's rights, failed or refused to prevent their commission and/or omission.

41. Egg Harbor and/or the EHPD, therefore, directly or indirectly, and under color of law, thereby approved or ratified the unlawful, malicious and wanton conduct of the individual defendants.

42. More specifically, Egg Harbor and/or the EHPD failed to train their officers in the use of force and/or the proper way to respond to medical emergencies.

43.  Egg Harbor and/or the EHPD knew or should have known that its officers would have to make decisions daily regarding the legality of use of force, probable cause and medical emergencies.

44. Indeed, the lack of training of the officers led to these officers violating Plaintiff's constitutional rights regarding the use of excessive force and the right to free from unlawful arrest and mistreatment.

45. Additionally, the Policy maker for Egg Harbor and/or the EHPD knows the glaring need for training in the use of force given the numerous allegations of excessive force.

46. Nonetheless, the Policy maker for Egg Harbor and/or the EHPD refuses to retain or properly train its officer, create a legitimate IA department, or properly investigate and discipline instances of police misconduct.

47. According to the most recently available statistics, EHPF uses more force than 322 police departments in New Jersey, a particularly alarming number given the relative size of Egg Harbor.

48. Despite this stunning statistic, Defendants have not taken any action to abate the alarming use of force, and the facts of this case show a deliberate indifference to the unlawful use of force.

49. The lack of training and/or the inadequate training in these areas is tantamount to a custom and/or policy that encourages, and indeed as occurred here, necessitates, the violation of these fundamental rights.

50. In addition, the failure to train the Defendant Officers in these areas is tantamount to the Egg Harbor and/or the EHPD's deliberate indifference to these rights.

51. Moreover, Egg Harbor and/or the EHPD had a custom and practice of inadequately investigating, if investigating at all, citizens' complaints regarding excessive force as well as unlawful arrest and prosecution.

52. What is more, Egg Harbor and/or the EHPD has a policy and practice of not disciplining officers if they are found to have violated a citizen's constitutionally protected rights and immunities.

53. These policies and procedures, in addition to the failure to train the officers in the relevant constitutional laws, reveal a deliberate indifference by Egg Harbor and/or the EHPD regarding the rights of citizens such as the Plaintiff.

54. This deliberate indifference to citizens' rights is a proximate cause of Plaintiff's injuries.

55. Indeed, had Egg Harbor and/or the EHPD properly trained its officers in excessive force, and unlawful arrest then the violation of these rights would not have occurred.

56. What is more, had Egg Harbor and/or the EHPD employed a meaningful IA bureau, rather than employing one that shields and insulates officers from liability then perhaps the defendant officers here would not have felt they have the freedom to willfully and purposely violate the Plaintiff's rights without any regard for consequences.

57. The complete lack of accountability, record keeping, as well as investigation into IA complaints renders the IA department nothing more than an arm of the police department that shields officers from liability.

## SIXTH COUNT

### New Jersey Law Against Discrimination - NJLAD

58. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59. Plaintiff suffered from a severe and significant disability that required the Defendants to provide and accommodation as well as not discriminate against Plaintiff due to his disability.

60. Plaintiff was discriminated against by Defendants as a result of his disability, namely by handcuffing him because of his disability of having a seizure and associated medical condition.

61. But for Plaintiff's bona fide medical condition, he would not have been handcuffed and subjected to the unlawful restrain and use of force.

62. Furthermore, Defendants failed to have a policy and procedure in place for dealing with individuals such as Plainitff, who suffer from seizures.

63. Seizures constitute one of the most common medical disabilities and or conditions, and thus Defendants knew or should have known that they would come across a citizen who suffers from this condition. Yest despite this certainty, Defendants did not have proper procedures or protocol in place to address the situation, and instead resorted to using unlawful force and detention upon the Plaintiff, who should have simply remained unmolested by the Defendants and left in the care of trained medical providers who were at the scene.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants, jointly and severally, for:

(a) any and all damages sustained by the Plaintiff arising from the foregoing wrongful and unlawful acts of the Defendants;

(b) punitive damages;

(c) interest, both pre-judgment and post-judgment;

(d) attorney's fees;

(e) costs;

(f) injunctive relief, including but not limited to:

    (i)    An order from this Court enjoining the Egg Harbor Township Police Department from continuing its pattern and practice of violating citizens' civil rights;

    (ii)    placement of the Egg Harbor Township Police Department in receivership for the purpose of instituting programs to train, instruct, discipline, control, and supervise the officers of the Egg Harbor Township Police Department;

(g) and all such other relief as this court may deem appropriate, equitable, and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

## DESIGNATION OF TRIAL COUNSEL

Joel Silberman and Aymen A. Aboushi are hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I certify that the matter in controversy is not the subject of any other action pending or contemplated. I further certify that I am aware of no other parties who should be joined in this matter.

DATED: August 16, 2022

Respectfully submitted,

The Aboushi Law Firm PLLC                    Joel S. Silberman, Esq., LLC

By:    s/ Aymen Aboushi                       s/ Joel Silberman
       Aymen A. Aboushi, Esq.                 Joel Silberman, Esq.
       1441 Broadway, 5th Floor               26 Journal Square, Suite 300
       New York, NY 10018                     Jersey City, NJ 07306
       Tel. (212) 391-8500                    Tel. (201) 420-1913
       Fax (212) 391-8508                     Fax (201) 420-1914
       Aymen@aboushi.com                      joel@joelsilbermanlaw.com